Good morning, Your Honors. I'm Melinda Byrd. I'm an Assistant City Attorney for the City of Peoria, Arizona. I'm here with my colleague, Michael Worrow, and we're representing the appellant, Officer Aaron Burr, in this matter. Officer Burr... So you have your colleague at the scene? Yes. And you'll be using all the time? Yes, Your Honor. Okay. So I was just curious if that was the officer at the table, but it's your colleague. Yes, that's my colleague, Your Honor. Okay, thank you. And I do intend to reserve two minutes for rebuttal, Your Honor. I do intend to reserve two minutes for rebuttal, Your Honor. Thank you. Officer Burr is here today challenging the denial of his qualified immunity under the clearly established law prong. And there were three cases from the Supreme Court's last term that mandate... Why didn't you appeal it when you lost? When the district court... You know, if we don't construe this the way that you're asking us to construe it, then it seems that you blew the appeal period. Well, at the time of the district court judge's decision, Your Honor, the case law of the Ninth Circuit was the pre-sheehan case law. And at that time, while we did disagree with certain points of the district court's ruling, the case law was such that we really felt that her ruling would probably be appealed, would be affirmed on appeal in this circuit. So we did not appeal it at that time. So what's in front of us today, then? You didn't appeal the summary judgment, correct? Correct. The time for appeal for that summary judgment went away. You later filed a motion for reconsideration. District court treated it as a Rule 59 motion, probably shouldn't have since it was way outside the Rule 59 time limits, but the other side didn't object. Might have been a Rule 60 motion, but it really doesn't matter. District court, you said, well, even if you were right back then, Judge Amedola, now we've got new law and you ought to reconsider. Correct, Your Honor. So isn't the only issue in front of us whether there was sufficient new law to require her to reconsider? We don't go back and look at the underlying judgment because you blew the time for appealing that, right? You wouldn't look at the underlying summary judgment per se, Your Honor. That's correct. Right. So that stands. The only question in front of us on this appeal is whether or not the two Supreme Court cases you cited are sufficient changes in the – intervening changes in the law so as to require the judge to reconsider. I don't think that's the only question before the Court, Your Honor. Well, tell me what other one's in front of us. Okay. I think that is one of the initial questions before the Court. No, tell me what other one's in front of us. I've never done that. And if the Court reaches the conclusion that, in fact, they were, then you have to look at Judge Hemetua's decision to still confirm her summary judgment ruling even in light of that new law undeclared. But you're appealing the summary judgment, then, and you just said you weren't. So two, you know, like two sentences apart, we're not appealing the summary judgment, but, yeah, we are appealing the summary judgment. The clearly established, just purely with regard to the clearly established law issue. Right. And she said nothing in these two cases changed any clearly established law. Correct. These two cases are not any change in the clearly established law, and so I don't have to reconsider my summary judgment ruling. That was the substance of her ruling, Your Honor. That's the only issue you have in front of us, isn't it? If these two cases were not intervening changes in the law, then you're done. We have to show that they were a significant shift. To put it differently, if you can't convince us that these two cases were intervening changes in the law, then you lose this appeal. The other option would be the Rule 60b motion, which the Court could have treated the motion as a Rule 60b motion and considered that it was timely filed and within a reasonable time. Again, to the extent of the law. It wasn't a time-extended. You filed no time-extending motions. You agree. Time-extending motions must be filed within 28 days of that's what CDI says. Time-extending motions that are filed outside that time period don't extend the time for appeal. The district court may have jurisdiction to address them because the other side can waive the time limits. But so that all that's in front of us, the only issue we have to decide today is whether or not these two cases were changes in the law. That is the one of the critical first issues. You keep saying one of, and that's why if you lose on that, you're done, aren't you? Well, I guess I think we're having a little bit of a misunderstanding right now, Your Honor. You're correct that that is the primary issue before the court. You have to reach that issue first. Okay. And if we reach that issue and rule against you, there are no other issues we need addressed, correct? If the court finds it does not have jurisdiction, then correct. No, if the court finds we have jurisdiction. We have jurisdiction to review Judge Hamida's denial of your motion for reconsideration. She denied it because she found that these two cases were not changes in the intervening law. Yes. That was the substance of her ruling. Right? Okay. If we think that she was correct, that these were not changes in the intervening law, there are no other issues that we need addressed. Am I correct? If you find that she was correct, because then you wouldn't take another look at it. Right. Okay. I'm sorry. I think we've been having a misunderstanding. Now we're on the same wavelength. So tell us why these two cases were such dramatic changes in the intervening law that Judge Hamida should have said, well, maybe I was right before, but I'm not right any longer. They were significant shifts in the qualified immunity analysis law and particularly the clearly established law prong for two reasons. First, the Supreme Court is continuing to sort of narrow the law that you can look at to determine clearly established law. And you have to look at what law can even constitute precedential authority to create clearly established law. And in the second area that continues to narrow this analysis is the level of factual specificity that you must have in the, quote, clearly established law to put the officer on reasonable notice, any officer on reasonable notice of what the constitutional requirements are. But hadn't the Court said that a bunch of times before, sometimes in sharp language reversing the Ninth Circuit? And said, hey, you guys are dealing at far high too level of generality. Get down and look at the specific details and see whether those details match clearly established law. I can find half a dozen cases where this Court was slapped sort of on the face by the Supreme Court saying, no, no, look at the facts specifically, not in a level of generality. Why is that new? With regard to the specificity issue, you're right, Your Honor, that they've used similar language or some of the identical language in prior cases, but then you have to look at the substance of what their decision is. For example, in the Sheehan case, this Court, the circuit court in the Sheehan case, actually did have some fairly factually analogous cases it was looking at to try and determine if there was clearly established law in that case that would have put the officers on notice in Sheehan to therefore deny their right to qualified immunity, which the Ninth Circuit indeed found. The Supreme Court took another look at that and said they keep moving the line. And this was another area where they moved the line, they're narrowing it, and they're tapering it. And they said, no, even in that case, you are looking at similar issues with going into arrests, mentally ill individuals, very similar cases, but those still weren't similar enough to the facts of Sheehan to have put those officers on notice to defeat their entitlement to qualified immunity. So that's Well, let me ask you this, though. This is a little bit, Judge Hurwitz said we have jurisdiction on your motion to reconsider. And you said if you find you have jurisdiction, do you have to We believe Well, I know, but you do have to convince us of that because there isn't, the other circuits have not found jurisdiction on motions to consider. I mean, obviously when an officer loses unqualified immunity, it's clear that you get to appeal on that. Correct. There isn't clarity on that the motion to consider a qualified immunity ruling is, falls under the collateral doctrine order, correct? Because you still have a case going on downstairs, right? We do. We have a stay in the district court right now. Well, in district court. So, and the other circuits that have reached this issue have said, no, we don't have jurisdiction to rule on motions to reconsider. Well, this Court has previously taken a view In a published opinion? Do we have a published opinion where we said that motions to reconsider the denial of qualified immunity, we have jurisdiction? I would have to look back to see if I had a published decision on it, Your Honor. I know I've seen unpublished decisions. You said, you were the one that said if you find you have jurisdiction. So you know there's a question of whether we have jurisdiction. I know the Ninth Circuit has taken review of both Rule 59 rulings, orders on Rule 59 motions, and they've also taken review of rulings on Rule 60b motions. So instead of Is Imani the case you're relying on? That might be one of them, Your Honor. And the one issue would be that, obviously, there's normally a higher, a different standard of review versus like the original summary judgment ruling, where it's just a de novo standard of review. Now it would be an abuse of discretion standard of review. That's one difference. But they have taken review of the orders on those motions. See, what troubles me about your position, jurisdiction side, is this. You have a chance, you have a summary judgment ruling, which may have been wrong. We don't, not in front of us today. You decide, eh, I don't want to appeal that. And then the Supreme Court comes down with two cases, neither of which really are on point with your facts. It's not like the Supreme Court decided a case that said, on this set of facts, there's immunity. They're not dog bite cases. Right. They're not dog bite cases, to make it fair. They're cases in which the Supreme Court reiterates longstanding principles with perhaps greater vehemence than it has in the past. And you say, well, now I get out of not filing my notice of appeal on time. And I'm not sure I see anything startlingly new in these two cases. I mean, and the way you describe them, it's just the Court being, you know, refining, refining its language. I don't know if the Supreme Court has really had many decisions where they've had startling new decisions in the qualified immunity context. We've got a case right now that I'm sure that, like Lowry. Are you watching Lowry? Yes, Your Honor. Which is a dog bite case. Right. Okay. Which that might have something to do with your case, a lot more than those other cases that you've cited. But in the qualified immunity context, the Supreme Court's issues have tended to be a gradual shift. But I do... But has it really told us to analyze cases any differently? It has said, look at them at a level of specificity, at least on prong two of qualified immunity, because the officer deserves to see a case close to his or her case in this sort of mythical world where officers read cases while they ride around in their patrol cars. But the Court said that any number of times. And it's been very insistent on that. It may have refined some of its language in these cases, but what's new in these cases? Well, in two ways in this case, turning to the district court's decision in this case. First of all, with regard to what law she was looking at, she took a very broad view, which was, again, the Ninth Circuit view at that time, that she could look at one case from this court, she could look at unpublished decisions from other courts, as you just referenced yourself, Your Honor. And she relied on just one decision from the Ninth Circuit when there were actually other dog bite cases from the Ninth Circuit at the time. She focused in on one case from the Ninth Circuit. But maybe that was wrong. But why did it become more wrong, so much more wrong after these two new cases? At this point, the Supreme Court seems to be indicating in the last few decisions that it might want Supreme Court authority to create clearly established law. I think at the most, it's left hanging out there whether you might possibly be able to have clearly established law with a robust consensus of circuit court authority. But that's it. And that has not been the practice in the Ninth Circuit, including up through the time of the district court's summary judgment decision in this case. Do you want to save the rest of your – you have two minutes left for rebuttal. Certainly, Your Honor. Thank you. Thank you. Good morning. Good morning. Nice to meet you. Luis Guerra and David Shapiro for Mr. Mendoza. I have an accent, so I hope you can understand what I say. I can understand it better if you pull up the microphone just a little bit. Are you going to be making all the argument? Yes. Okay. And I don't hear my accent. And there are words that I can't say, so if you don't understand, please let me know. But it's exactly what Your Honors are mentioning. It's kind of trying to bootstrap something that was lost. They lost the time for appeal. They didn't appeal the qualified immunity. Then these two cases come along, Sheehan and Taylor, that have nothing to do with this case. They don't establish a shift in law. They, at most, as the district court judge clearly pointed, may have confirmed or explained, but there's no substantially shift in law. There's no overruling of law. And they try to say that this creates such a substantial change in law that they could now come here and talk about it. But at the end of the day, what they are trying to do is have this court decide the merits of the underlying qualified immunity. Can you address Judge Callahan's question? Do we have jurisdiction over the appeal from the motion for reconsideration? We don't think so, Your Honor. Why not? Because the time for the appeal has passed. No, but they filed a notice of appeal within 30 days of the denial of the motion for reconsideration. The question that Judge Callahan asked is, do we have jurisdiction to review Judge Hamida's denial of the motion for reconsideration? Some other circuits have said no, that's not an appealable order. I think we've said yes, but I'm not positive on that after Judge Callahan's question. So I'm asking you to address that. I thought that we cited the specific case that they said that the time for that appeal had passed. Well, certainly the time for the – there's no timeliness issue here with respect to the motion for reconsideration. The notice of appeal was filed within – I can look at the record, but we all agree it was filed within the Rule 4a time after the motion for reconsideration was denied. The question is, is that an appealable order? Can they even file a notice of appeal? We don't believe you can, Your Honor. Okay. What case – how do you deal with the Zoumani case, then? Which case, I'm sorry? The Zoumani case that says a motion to reconsider is subject to interlocutory review when the underlying order is also subject to review. Your Honor, but on this specific case, because the time for the appeal for the motion for summary judgment had already lapsed, he could not revive it by the motion for reconsideration. So your position is that even if the Supreme Court had come down after the summary judgment ruling with a dog-bite case on all fours? Oh, yes, absolutely. Then Judge Amito – we could not reverse Judge Amito for refusing to reconsider? You should not, Your Honor. No, we could not because you're saying jurisdiction. Unless it says that it's retroactive, because, you know, it should cut both ways, right? Shouldn't it cut both for the officer as well as for the citizen? Shouldn't it cut both ways, the law that exists at the time? No, because you have to establish the existence of clearly established law as opposed to the absence of it. That's right. So once clearly established law arises, it seems to me, unless it changes the law, it's got to be applicable to you. But at the time, there's an additional case. But I'm asking you about jurisdiction. Yes. I'm asking about jurisdiction. So how do you deal with this Court's cases that say a motion to reconsider can be subject to appellate jurisdiction if the underlying order was itself subject to appellate jurisdiction? If the underlying order, I'm sorry? We all agree that they could have appealed the summary judgment rule. That's right. They didn't. They didn't. But our Court said in any number of cases, but certainly in Zamani, that when the underlying order would be subject to appellate jurisdiction, if exercised, a motion to reconsider is also within our appellate jurisdiction to consider. We may say the judge was perfectly appropriate in denying it. You're telling us we can't even look at it, right? Not on this case, Your Honor, because of the circumstances, because it was not timely done. I understand what you're saying, that the motion for reconsideration was timely then, but was related to the denial of the motion for summary judgment on qualified immunity. That's why it cannot, because it was past the time to do it. And the allegation or the basis is that there was a change in law, and there was no change in law, a substantially altering shift in law, and that did not exist. And the case that we cited, Your Honor, is that the qualified immunity claim on this case is so baseless that it does not invoke appellate jurisdiction. And we cite the Marks case, Your Honor. But going back to the point that we're – I don't know if you want me to wait or continue to argue. Well, let me tell you why we're focusing so much on jurisdiction. We've got a dog bite case that's gone in bank. It's going to be heard, I think, in December. I think it's going to be heard in December. January. January. I'm sorry, the in-banks are in January this year. On the merits of the case, if we were ever to get to them, I guess my – I'd have a strong inclination to think that we ought to wait and see how that case came down and see what it said. And that's – but you're free to argue the merits if you want, but we're focusing on jurisdiction because I think to me the question is whether we even have to look at the merits of this case. And I agree with that, that we don't have to look at the merits, Your Honor. And that's the reason why is because the time for the appeal elapsed and it cannot be revived by the motion for reconsideration, Your Honor. Does the collateral order doctrine apply here so that does give us jurisdiction? We don't believe it does, Your Honor. We don't believe it does because, you know, the fundamental basis for the motion for reconsideration was that there was a shift in law. And that shift in law never occurred. So the motion for reconsideration itself was baseless or there was no – it was not grounded in law. And for that reason, since the motion for reconsideration was always – was merely an artifact to try to revive a matter that had been lost because of time past, it should not be considered even on the collateral doctrine, Your Honor. We don't have additional questions. Thank you so much. All right, thank you. Thank you. The final argument is that under the collateral order doctrine, there's a lot of cases that say you can be in front of a court with two of the orders, and at the end of the case, when you get an interlocutory order, the situation is why is this interlocutory order denied reconsideration subject to appeal? For instance, in this case, when the decision to make a final decision on appeal was deferred to what case, Your Honor? As Judge Kelly had pointed out, there's at least four subjects, and they make the same exception to appeal that are subject to reconsideration. So what about a certain case here? Well, there's a case that is a particular case. Which case? We're going to hear the whole summary thing of the case, Your Honor, as we go on to look at the other decisions that we're looking at, and then we're going to have a judgment to rely on in this particular case. What do you think she did was wrong in the objection? I mean, she didn't do anything. She didn't do whatever she wanted to do. It was an interjection. And so the question is, what do you think she did was wrong in the objection? She relied on the shape of the case, and she did not serve to apply to those cases. She relied on the merits of the objections that we've all heard, meaning that the finders of that oath. All right. We're going to take some time now. If you have any additional questions, please use the air-hider. So please turn around and stand so we can get a proper view of your session.
judges: Callahan, Hurwitz, Molloy